831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin HERZOG, Plaintiff-Appellant,
v.
George WILSON, Betty Kassulke, Officer Tommy Lipscomb,
Officer D. Judd, Janet Lee, Terry Shelly, and
Officer William Meyer, Defendants-Appellees,
 No. 87-5392
 United States Court of Appeals, Sixth Circuit.
 October 7, 1987.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se Tennessee prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint for failure to state a claim. In his complaint, he alleged that his due process rights were violated by a prison Adjustment Committee proceeding. Specifically, he alleged that he was not provided with a written statement by the fact finders of the evidence relied on, that the finding of guilt was based on insufficient evidence, that the finding was based on information supplied by confidential informants and not properly verified, and that the names of the alleged victims and the dates of the alleged wrongdoing were not released to him, thereby preventing him from preparing a proper defense. He requested declaratory, injunctive and monetary relief.
 
 
 3
 A magistrate recommended that the complaint be dismissed, the plaintiff objected, and the district court adopted the magistrate's recommendation. The defendants were served and notified of the pending dismissal, but did not file anything in the district court.
 
 
 4
 We conclude that the plaintiff did facially state a claim for which he could show entitlement to relief. The dismissal of suits filed by pro se plaintiffs and all dismissals under Federal Rule of Civil Procedure 12(b)(6) are subject to a liberal standard of review; the factual allegations are accepted as true and the dismissal can be affirmed only if it appears beyond doubt that the plaintiff could prove no set of facts which would entitle him to relief. See Joseph v. Patterson, 795 F.2d 549, 551 (6th Cir. 1986), cert. denied, ---- U.S. ----, 107 S.Ct. 1910 (1987); see also Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).
 
 
 5
 In the context of prison disciplinary procedures, due process requires, inter alia, that after a hearing the prisoner receive a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Franklin v. Aycock, 795 F.2d 1253-1262 (6th Cir. 1986). Furthermore, in King v. Wells, 760 F.2d 89 (6th Cir. 1985), this court held that the misconduct ticket and written report of the charging officer were not sufficient under Wolff; the prisoner must receive a written statement by the Adjustment Committee, the fact finders. King, 760 F.2d at 93. In addition, this court further stated that each item of evidence relied upon at the hearing should be included in the report unless safety concerns dictate otherwise, and that a prisoner does not receive a statement of the evidence relied upon if he receives only a reference to an investigative report that contains statements of different witnesses. King, 760 F.2d at 93-94.
 
 
 6
 A careful examination of the record reveals that there was no written statement from the Adjustment Committee before the district court. The Incident Report attached to the plaintiff's complaint contains a space for the Adjustment Committee's findings and actions, but this section is left completely blank. Nor does a written statement from the committee appear elsewhere in the record. Under these circumstances, the plaintiff's claims could not be properly evaluated and the complaint should not have been dismissed for failure to state a claim.
 
 
 7
 It should be noted that in the appendix before this court, the appellee Corrections Cabinet has included a document which was not before the district court. This document is a copy of an Incident Report which contains the Adjustment Committee's alleged findings and actions. This copy is barely legible, and does not appear to have been signed by the plaintiff. On remand, therefore, the parties should be given an opportunity to present evidence concerning the adequacy of this report under Wolff and King, as well as evidence concerning the veracity of the plaintiff's allegation that he did not receive the written report.
 
 
 8
 Accordingly, the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, for further proceedings consistent with this order.